UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JAMES JOHNSON, #09820-007,

    Petitioner,

v.                                                           ACTION NO.
                                                             2:09cv330

PATRICIA STANSBERRY,
Warden,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a District of Columbia inmate, has submitted a <u>pro se</u> petition, pursuant to 28 U.S.C. §2241, to redress alleged violations of his constitutional rights by the United States Parole Commission. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner James Johnson ("Johnson") was convicted in the Superior Court of the District of Columbia and sentenced on October 2, 1990 to six months in prison for attempted possession of PCP, a consecutive four to twelve years for armed robbery, and a consecutive three to nine years for robbery and assault with a dangerous weapon. Johnson was first paroled on January 23, 1995. He had his parole revoked three times over the next eleven years – once by the D.C. Board of Parole,

and twice by the United States Parole Commission ("Parole Commission"), which on August 5, 1998 assumed jurisdiction over District of Columbia Code Offenders through the National Capital Revitalization and Self-Government Improvement Act of 1997. See Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745, D.C. Code § 24-13(a) ("Revitalization Act").

The constitutional violations alleged in Johnson's petition occurred following his fourth release on parole, on August 27, 2007. The Parole Commission issued a warrant for Johnson on August 5, 2008, charging Johnson with (1) failing to submit to drug testing, (2) use of drugs, and (3) violation of the law – (a) assault on a police officer and (b) possession with intent to distribute heroin.[1] (Resp. Ex. L at 2-3.) Johnson was returned to custody on August 15, 2008. On August 20, 2008, a Parole Commission hearing examiner conducted a hearing and found probable cause to believe that Johnson had violated the conditions of parole. (Resp. Ex. O at 4.) The hearing examiner identified two witnesses who provided information which led to the warrant, Johnson's supervision officer and Metropolitan D.C. Police Officer Kevin Harding. (Resp. Ex. O at 3.) Johnson requested their presence at his revocation hearing. Id.

Johnson's revocation hearing was held November 19, 2008, prior to Johnson's trial on the underlying offenses. (Resp. Ex. P.) Johnson was represented by counsel. Id. Johnson admitted to failing to submit to drug testing and to using cocaine for more than fifteen years. Id. at 3. He denied assaulting a police officer and denied possession with intent to distribute heroin. Id. Metropolitan D. C. Police Officer Kevin Harding testified about Johnson's arrest and the heroin found in

---

[1] The warrant was based on information provided by Johnson's parole supervision officer and information contained in a police report indicating Johnson had been arrested on June 28, 2008 for assaulting a police officer and possession with intent to distribute heroin. (Resp. Ex. M and N.)

Johnson's pocket, and was cross-examined by Johnson's counsel. Id. at 3-4. On December 30, 2008, the Parole Commission issued its decision revoking Johnson's parole, and finding that Johnson had violated his conditions of release by failing to submit to drug testing, using drugs, assaulting a police officer, and possessing with intent to distribute heroin. (Resp. Ex. Q.) Johnson appealed the decision to the National Appeals Board, which affirmed the Parole Commission's decision on March 31, 2009. (Resp. Exs. R& S.)

While in custody in FCI Petersburg, Johnson filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 21, 2009. Respondent filed a motion to dismiss the petition [Doc. 8], and Johnson responded to the motion. Therefore, the motion is ripe for consideration.

## B. Grounds Alleged

Johnson asserts he is entitled to relief under 28 U.S.C. § 2241 because:

(1) the Parole Commission violated his due process rights when it created a parole violation for a "non-existent charge" and found that he had committed a criminal offense even though he was never convicted of the offense;

(2) the Parole Commission violated his due process rights as outlined in Morrissey v. Brewer (1972) due to the Parole Commission's failure to provide him with notice that he was charged with committing the offense of possession with intent to distribute heroin, and failure to provide him with notice that revocation of parole would cause him to lose credit for street time;

(3) and, he was not present in the Superior Court for the District of Columbia when the sentence for his underlying offense was entered.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

3

### A. Ground 1 – Parole Commission's Finding That Johnson Possessed Heroin with Intent to Distribute

Johnson does not dispute that he violated the conditions of his parole. Instead, he asserts his due process rights were violated when the Parole Commission found he committed the offense of possession with intent to distribute heroin when he was never convicted of that offense. (Mem. in Support of Pet. at 3-4.) Johnson's revocation hearing took place prior to his trial on the charges of possession with intent to distribute heroin and assault on a police officer. According to Johnson, he later pled guilty to possession of heroin, and received a 90-day term of imprisonment. (Petition at 5.) Respondent acknowledges this plea of guilty, stating "the District of Columbia decided not to pursue the charge of possession with intent to distribute." (Resp. Memo at 6.) Neither Johnson nor Respondent addresses what occurred with respect to the charge of assault on a police officer. Johnson's Ground (1) arises from the Parole Commission's finding of possession with intent to distribute heroin, when Johnson was never convicted of that offense.

The Parole Commission regulations permit the Parole Commission to make an independent finding of criminal conduct at a revocation hearing. See 28 C. F. R. § 2.21(a)(2) (2010). In making the finding, the Parole Commission must consider all available and relevant information concerning the nature and circumstances of the offense. See 28 C. F. R. § 2.19(c) (2010). If a prisoner disputes the accuracy of the information presented to the Parole Commission, the Parole Commission is required to "resolve such dispute by the preponderance of the evidence standard; that is, the Commission shall rely upon such information only to the extent that it represents the explanation of the facts that best accords with reason and probability." Id.

At Johnson's revocation hearing, Metropolitan D.C. Police Officer Kevin Harding testified about Johnson's arrest. (Resp. Ex. P at 3-4.) Officer Harding testified that he received a tip from

a reliable source in reference to a male selling illegal narcotics. Id. at 3. Officer Harding observed Johnson, who met the description the source had given, standing in the entrance to a barber shop. Id. After asking Johnson to step outside, Officer Harding asked Johnson if he had anything illegal on his person, and Johnson became agitated. Id. Officer Harding attempted to handcuff Johnson, and a struggle ensued which caused Officer Harding, Johnson, and other responding officers to end up on the ground. Id. Johnson continued to resist, and pepper spray was used to subdue him. Id. Officer Harding testified that the officers were not injured during the struggle. Id. at 4.

From Johnson's right coin pocket, Officer Harding recovered two pieces of plastic tied in knots, each of which contained approximately $10 in heroin. Id. at 3. Officer Harding also recovered $123 in U.S. currency. Id. Officer Harding testified that the packaging of the heroin was consistent with distribution, and testified that the source who had indicated that Johnson was selling narcotics was a reliable source upon whom he had relied over twenty times. Id. at 3-4. Johnson did not deny possession of the two heroin packets at the time of his arrest, but argued that they were for his personal use. Id. at 4. The hearing examiner reviewed Johnson's drug history report back to 2002, and discovered Johnson never tested positive for opiates. Id.

The hearing examiner found it was more likely Johnson possessed the heroin for distribution rather than personal use due to the packaging of the heroin, the money found on Johnson, the fact that he had never tested positive for use of heroin, and Johnson's admitting his drug of choice was cocaine. Id. The hearing examiner further found that the evidence supported a Category Two Simple Assault rather than a Category Three Assault on an Officer, as the officers were not injured. Id. at 5. Based on these findings, the hearing examiner recommended revocation of Johnson's parole (for the fourth time), and recommended release after the service of forty months. Id. at 6. The

hearing examiner further recommended that none of the time spent on parole be credited. Id. A Notice of Action was entered December 30, 2008, adopting the hearing officer's recommendations. (Resp. Ex. Q.) Johnson was continued to a presumptive re-parole on December 16, 2011. Id.

Johnson's due process rights were not violated by the Parole Commission's actions. The parole revocation hearing is not to be equated with a criminal trial where the accused enjoys a presumption of innocence. See Morrissey v. Brewer, 408 U.S. 471, 489 (1972) ("[w]e have no thought to equate this second stage of parole revocation to a criminal prosecution in any sense"); Maddox v. Elzie, 238 F.3d 437, 445 (D.C. Cir. 2001) ("revocation is not the continuation of a criminal trial but a separate administrative proceeding at which the parolee does not possess the same rights as a criminal defendant at trial"). The hearing examiner considered all relevant information provided during the revocation hearing, and made the determination that the preponderance of the evidence supported a finding of possession with intent to distribute heroin and simple assault. The fact that Johnson was later convicted of simple possession of heroin does not affect the Parole Commission's consideration of the charge. See Mullen v. U. S. Parole Comm'n, 756 F.2d 74, 75 (8th Cir. 1985) (holding that the prosecutor's conclusion that the evidence was insufficient to prove a criminal charge had no bearing on the Parole Commission's consideration of the charge as a parole violation).

In order to show a violation of his due process rights, Johnson has to prove the Parole Commission acted in an "exceptionally arbitrary" manner, see Madley v. U.S. Parole Comm'n, 278 F.3d 1306, 1311 (D.C. Cir. 2002), that the decision was "either so totally lacking in evidentiary support or [was] so irrational as to be fundamentally unfair," see Duckett v. Quick, 282 F.3d 844, 847 (D.C. Cir. 2002). See also Douglas v. Buder, 412 U.S. 430, 432 (1973) (holding that a finding

that petitioner had violated a condition of parole which is "totally devoid of support" violates due process). Johnson has failed to make this showing. Therefore, the Court recommends DENYING Ground (1) of the Petition.

**B.     Ground 2 – Procedural Violations**

Next, Johnson asserts the Parole Commission violated his due process rights when it failed to provide him with notice that he was charged with committing the offense of possession with intent to distribute heroin, and notice that revocation of parole would cause him to lose credit for street time. (Mem. in Suppt. of Pet. at 5.) A parolee is entitled to the following due process protections in the revocation process:

> (a) written notice of the claimed violations of parole; (b) disclosure of the evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine witnesses (unless the hearing officer specifically finds good cause for not allowing the confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

Morrissey v. Brewer, 408 U.S. at 489. Johnson's allegations that his due process rights were violated are without merit. Johnson was provided the warrant application which listed the parole violation charges, including Charge No. 3(b) "possession with intent to distribute heroin." (Ex. L at 2-3.) The warrant application also placed Johnson on notice that if his parole was revoked, he would "not receive credit toward service of [his] sentence for time spent on parole/mandatory release/supervised release." Id. at 2. During Johnson's probable cause hearing held August 20, 2008, the charge of possession with intent to distribute heroin was discussed, and Johnson denied the charge. (Ex. O at 3.) Johnson was properly notified of the revocation hearing, and was present

7

at the hearing where he was represented by counsel. (Ex. P.) His counsel cross-examined Officer Harding, and argued that the hearing examiner should only find simple possession as opposed to possession with intent to distribute heroin. Id. at 4. The Parole Board revoked Johnson's parole and gave him a written explanation of its findings. (Ex. Q.) Johnson was afforded all due process protections required by Morrissey, and Ground (2) should be DENIED.

C.   Ground (3) – Not Present When Sentence was Imposed in D.C. Superior Court

In his Amendment and Supplement to the Petition [Doc. 5], Johnson asserts he was not present in the Superior Court for the District of Columbia on October 2, 1990, when the Judgment and Commitment Order for his original offense (United States v. Johnson, F-13083-89) was issued. (Suppl. to Pet. at 1-2.) Johnson further states that due to his not being present, the sentence is "null and void." Id. at 2. Johnson's attack on the validity of his sentence is not proper in a § 2241 habeas petition, and should be addressed in a motion to vacate the sentence under D.C. Code § 23-110 brought in the court that imposed the sentence. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). This Court lacks jurisdiction to address Johnson's attack on the validity of his sentence through the current § 2241 petition. Therefore, Ground (3) should be DENIED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Johnson's petition for writ of habeas corpus be DENIED.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the

foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
April 26, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

James Johnson, #09820-007
FCI Petersburg Medium
P.O. Box 90043
Petersburg, VA 23804

Susan L. Watt, Esq.
United States Attorney's Office
101 W. Main Street
Suite 8000
Norfolk, VA 23510

Fernando Galanty, Clerk

By _____
Deputy Clerk

April 26, 2010